UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-9262-DMG (JCx)** | Date | September 22, 2017 |
|---|---|---|---|

| Title | ***United States of America v. One 2005 Lagoon 440 Sailing Catamaran Named The Bohemian Rhapsody*** | Page | 1 of 8 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION FOR INTERLOCUTORY SALE [29]**

This is an *in rem* forfeiture action against a vessel that was initiated pursuant to 18 U.S.C. § 981(a).  Before the Court is Plaintiff United States of America's motion for an order permitting an interlocutory sale of the vessel.  [Doc. # 29.]  Claimant Didier De Nier opposes the motion. [Doc. # 34.][1]  The motion is now fully briefed [Doc. ## 40, 52, 58], and the Court held a hearing on this motion on September 22, 2017.  The Court **GRANTS** Plaintiff's motion for the reasons discussed below.

**I.
LEGAL STANDARD**

A court may order an interlocutory sale of all or part of a property that is the subject of a forfeiture action if one of four conditions is satisfied:

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
> (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
> (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
> (D) the court finds other good cause.

*See* Fed. R. Civ. P. Supp. G(7)(b)(i).

---

[1] Although this opposition was filed on behalf of Claimants De Nier and Nautisail Industries, Ltd., the Court subsequently struck Nautisail's verified claim and entered its default.  [Doc. ## 76, 77.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-9262-DMG (JCx)** | | Date | September 22, 2017 |
|---|---|---|---|---|
| Title | ***United States of America v. One 2005 Lagoon 440 Sailing Catamaran Named The Bohemian Rhapsody*** | Page | | 2 of 8 |

The interlocutory sale of personal property is governed by 28 U.S.C. § 2004, which provides in pertinent part that such property "shall be sold in accordance with [28 U.S.C.] section 2001[,] . . . unless the court orders otherwise." *See also* Fed. R. Civ. P. Supp. G(7)(b)(iii) (providing that interlocutory sales are governed by, *inter alia*, 28 U.S.C. §§ 2001 and 2004). Title 28 U.S.C. § 2001 in turn provides that real property shall be sold at a public sale at the courthouse in which the property is located or at the premises itself, or that it may instead be sold at a private sale if the Court finds "that the best interest of the estate will be conserved thereby." *See* 28 U.S.C. § 2001(a)–(b). Before a court may confirm any such private sale, that court must appoint three independent appraisers to determine the value of the property. *See id.* at § 2001(b).

After the interlocutory sale is completed, "[s]ale proceeds are [considered] a substitute res subject to forfeiture in place of the property that was sold[,] [and] [t]he proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *See* Fed. R. Civ. P. Supp. G(7)(b)(iv).

## II.
## DISCUSSION

The Court must first determine whether an interlocutory sale is warranted. If so, then the Court must also ascertain whether to sell the vessel at an online public auction or at a private sale conducted by a qualified yacht broker.

### 1.   An Interlocutory Sale Is Warranted

Plaintiff contends that Supplemental Rule G(7)(b) authorizes an interlocutory sale because "the expense of keeping the property is excessive or is disproportionate to its fair market value[.]"[2] *See* Fed. R. Civ. P. Supp. G(7)(b)(i)(B); Mot. for Inter. Sale at 3–5, 8–10. In support of this contention, Plaintiff submits the declaration of a Seizure and Forfeiture Specialist for the United States Marshals Service ("USMS") that authenticates a valuation provided by the National Automobile Dealers Association ("NADA") for a vessel with the subject property's specifications. *See* Browne Decl. at ¶¶ 1, 5, Ex. A [Doc. # 29-1.] That NADA valuation shows that the vessel's average retail price as of June 2017 is $213,880 and that its suggested list price

---

[2] Plaintiff also argues that an interlocutory sale should be conducted because the vessel is depreciating in value. *See* Mot. for Inter. Sale at 3–10. The Court need not address the depreciation contention because Plaintiff otherwise establishes that an interlocutory sale is warranted due to the disproportionate expense of maintaining the vessel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-9262-DMG (JCx)** | Date | September 22, 2017 |
| --- | --- | --- | --- |

| Title | ***United States of America v. One 2005 Lagoon 440 Sailing Catamaran Named The Bohemian Rhapsody*** | Page | 3 of 8 |
| --- | --- | --- | --- |

as of that date is $430,505.[3]  *See* Browne Decl., Ex. A.  The Seizure and Forfeiture Specialist also attests that "[s]ince the time the vessel was seized by the government in October 2013 up through May 12, 2017, the government has incurred storage fees and maintenance fees totaling $58,051.95, which fees will continue to accrue until this asset is disposed."  *See* Browne Decl. at ¶ 6.  She further states that "[t]he basic monthly fees for the vessel include storage fees of $1,200, plus charges for maintenance fees as needed for maintenance services performed relative to the vessel."  *See id.*  Plaintiff characterizes these expenses as "excessive" and claims that they are disproportionate to the $213,880 average retail price.  *See* Mot. for Inter. Sale at 8–10.

Claimant advances several counterarguments, none of which is persuasive.  First, Claimant argues that Plaintiff failed to establish that the costs were "excessive" because it has not shown that they are "more than what is proper or reasonable."  *See* Opp'n at 5–6.  This line of reasoning misses the point.  Even if the costs *are* proper and reasonable, these continually accruing costs are disproportionate relative to the average retail price of the vessel.  Currently, the costs are approximately 30% of the NADA valuation of the vessel and growing.

Second, Claimant argues that Plaintiff failed to provide documentation corroborating the aforementioned rental and maintenance expenses and/or evidence affirmatively demonstrating that the vessel has been kept in the same condition as when it was seized.  Yet, Claimant does not cite any authority establishing that a movant must produce such evidence in order to demonstrate that "the expense of keeping the property is excessive or is disproportionate to its market value."  *See* Fed. R. Civ. P. Supp. G(7)(b)(i); Opp'n at 6.  Moreover, Plaintiff has presented the sworn declaration of Stephanie Browne, the USMS's Seizure and Forfeiture Specialist for the District of the Virgin Islands, who has attested to the costs to date.  [Doc. # 29-

---

[3] Claimant De Nier objects to the admissibility of the NADA valuation on the ground that it is inadmissible hearsay.  *See* Claimant's Resp. to Pl.'s Apparent Objs. at 1–2 [Doc. # 52.]  As Plaintiff points out in its response to Claimant's objection, however, the NADA valuation falls within an exception to the hearsay rule for "[m]arket quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations."  *See* Fed. R. Evid. 803(17); *In re McElroy*, 339 B.R. 185, 188 (C.D. Ill. 2006) ("The NADA [data] falls well within th[e] hearsay exception [articulated in Federal Rule of Evidence 803(17)].").  Accordingly, the Court **OVERRULES** this objection.

Claimant also objects on hearsay grounds to the Seizure and Forfeiture Specialist's assertion that "an appraisal conducted during June 2017 by a contractor employed by the USMS[] [revealed that] the value of the vessel is $220,000 as of June 2017."  *See* Browne Decl. at ¶ 5.  Plaintiff responds that this evidence is not hearsay because it is somehow being offered for the effect on the listener—*i.e.*, the Seizure and Forfeiture Specialist.  *See* Pl.'s Resp. at 4 [Doc. # 58.]  Because Ms. Browne's state of mind is not at issue in this case, the Court **SUSTAINS** Claimant's objection to this evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-9262-DMG (JCx)** | | Date | September 22, 2017 |
|---|---|---|---|---|

| Title | **United States of America v. One 2005 Lagoon 440 Sailing Catamaran Named The Bohemian Rhapsody** | Page | 4 of 8 |
|---|---|---|---|

1 at ¶ 6.]  Absent some showing by Claimant that Ms. Browne's declaration is untruthful or inaccurate, there is no need for "corroboration."

Third, in an effort to show that Plaintiff has not properly maintained the property, Claimant points to portions of his attorney's declaration that reference certain supposed statements made by residents of the area in which the vessel is being detained (*e.g.*, an assertion that the vessel's generator was "in pieces").  *See* Honig Decl. at ¶¶ 3, 5–6.  These statements are inadmissible because the out-of-court declarants did not make them under penalty of perjury and several of them appear to have been paraphrased by Claimant's counsel, and they are hearsay evidence unsupported by proper foundation.  *See* 28 U.S.C. § 1746; Fed. R. Evid. 602, 801–02.

Fourth, Claimant avers that only new costs for maintaining and storing the vessel (which Claimant avers is approximately $7,200 for six months of litigation) should be considered when determining whether they are excessive or disproportionate to the value of the vessel because the prior costs resulted from Plaintiff's "own negligence and delay."  *See* Opp'n at 8–9.  This assertion is belied by this action's procedural history.  Approximately two months after this case was initiated, the parties filed a joint stipulation requesting the Court to stay the action pending the disposition of Claimant's underlying criminal matter [Doc. # 12], and Claimant does not dispute that he exhausted the appeals process on June 5, 2017—*i.e.*, approximately one month before Plaintiff filed the instant motion.  *See* Opp'n at 1–14; Reply at 13–14.  Although the joint stipulation provided that the stay would not preclude the parties from moving for an interlocutory sale of the vessel, Claimant can hardly fault Plaintiff for refraining from pursuing this action while Claimant was occupied defending himself against the criminal charges.  Therefore, there is no basis for any finding that Plaintiff's costs arose from its own negligence or unwarranted delay.

Furthermore, the Court finds that the more than $58,000 in accumulated storage costs and the $1,200 per month that will be incurred to store the vessel for the duration of this litigation are excessive and disproportionate to the value of the vessel, regardless of whether these costs are measured against its $213,880 average retail price or the $430,505 suggested list price.[4]  *Cf. United States v. Any & All Funds in UBS AG, Account Number XXXX1138*, 628 Fed. App'x 296, 297–98 (5th Cir. 2016) (affirming a district court's order approving an interlocutory sale of an

---

[4] The Court notes that although Claimant challenges whether the $213,880 average retail price provided by NADA is the appropriate measure of the fair market value of the vessel, the $430,505 NADA suggested list price is above what Claimant contends is the vessel's actual fair market value.  *See* Opp'n at 13 (arguing that Plaintiff's "$220,000 appraisal and $213,880 NADA automated estimate are about $130,000–150,000 (at least 40%) below the average current fair market value [of the vessel]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 13-9262-DMG (JCx) | Date | September 22, 2017 |
|---|---|---|---|

| Title | *United States of America v. One 2005 Lagoon 440 Sailing Catamaran Named The Bohemian Rhapsody* | Page | 5 of 8 |
|---|---|---|---|

airplane that sold for $2,250,000 in part because the storage costs of $1,700 per month were excessive). Therefore, the Court concludes that, pursuant to Supplemental Rule G(7)(b)(i)(B), Plaintiff has demonstrated that an interlocutory sale of the vessel is warranted.

**2. An Online Public Auction Is Appropriate**

Plaintiff acknowledges that pursuant to 28 U.S.C. §§ 2001 and 2004, the Court may order that the vessel be sold at a public sale at the courthouse where the property is located or on the vessel itself, but argues that this method is "unlikely to attract sufficient qualified buyers." *See* Mot. for Inter. Sale at 10–11. Plaintiff argues that, to correct for that deficiency, the property should be sold at a public sale via an online auction conducted by a USMS contractor. *See id.* at 10–14. Plaintiff also provides evidence that the costs of sale using this method would "include a 7.5 percent commission (if the vessel is sold for $250,000 or less) or a 6 percent commission (if the vessel is sold for over $250,000) paid to the third party contractor conducting the on-line auction," and that "there may be potential additional expenses for work needed to prepare the vessel for auction." *See* Browne Decl. at ¶ 7.

Claimant contends that a private sale conducted by a qualified yacht broker is more appropriate than the online auction proposed by Plaintiff because the former would maximize the sale price of the vessel. *See* Opp'n at 9–14. In support of this argument, Claimant avers that "six recent list and sale prices by yacht brokers and by owner (in both the Caribbean and Florida) for other 2005 Lagoon 440 Catamarans range from a high of $440,000.00 to a low of $299,000," which are far above the NADA $213,880 automated estimate. *See id.* at 13; Honig Decl. at ¶ 7, Ex. 6.

The Court finds that under the circumstances of this case, a public sale via an online auction is the suitable means for disposing of the vessel. In particular, the online auction is akin to the type of public sale prescribed by 28 U.S.C. § 2001(a), but differs insofar as the online public auction allows for bids to be submitted online rather than at the location of the vessel or the courthouse. The parties do not dispute that the online auction would likely attract more potential buyers of the vessel because they will have the convenience of submitting their bids online rather than having to travel to a courthouse or to the location in which it happens to be stored. Therefore, the Court concludes that Plaintiff's proposed minor deviation from 28 U.S.C. § 2001(a) is permissible. *See* 28 U.S.C. § 2004 ("Any personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, *unless the court orders otherwise*.") (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 13-9262-DMG (JCx) | | Date | September 22, 2017 |
|---|---|---|---|---|

| Title | *United States of America v. One 2005 Lagoon 440 Sailing Catamaran Named The Bohemian Rhapsody* | Page | 6 of 8 |
|---|---|---|---|

Moreover, Claimant fails to establish that "the best interests of the estate will be conserved" by a private sale, which is a showing he must make before a private sale may be ordered under 28 U.S.C. § 2001(b). Specifically, even assuming that the list and sale prices of these other catamarans demonstrate that a private sale would yield a higher sale price than an online auction, Claimant has not advanced any evidence of the relative cost of a private sale so as to allow the Court to determine whether that method would be superior to Plaintiff's proposal.

Plaintiff requests that the minimum sale price for the vessel be set at no less than 75% of the vessel's NADA value at the time of sale but that Plaintiff be permitted to accept a below-minimum bid price of no less than 66% of that value if Plaintiff deems that "the circumstances so warrant." *See* Mot. for Inter. Sale at 13. This request is premised on the Seizure and Forfeiture Specialist's opinion that "the $220,000.00 appraised value and the $213,880.00 NADA value are appropriate values upon which to base the sale price of the vehicle." *See* Browne Decl. at ¶ 8. Claimant objects to this assertion on the ground that the Seizure and Forfeiture Specialist has not shown that she is qualified to opine on the appropriate sale price of the vessel, and characterizes her qualifications as "mostly clerical." *See* Claimant's Resp. to Pl.'s Apparent Objs. at 2–3. Plaintiff responds by arguing that her qualifications and experience at least demonstrate that she is qualified to provide this lay opinion. *See* Pl.'s Resp. at 5–6. The Court sustains the Claimant's objection because Plaintiff has not shown that the Seizure and Forfeiture Specialist is qualified to opine on the appropriate sale price of the vessel. *See* Fed. R. Evid. 702(a).

This Court has the discretion to determine the parameters of the interlocutory sale of the vessel. *See Any & All Funds*, 628 Fed. App'x at 297. The Court finds it appropriate to at least initially set the lowest acceptable bid at 66% of the NADA suggested list price at the time of sale of the vessel. *See supra* note 4. If Plaintiff is unable to sell the vessel given this condition of sale, then Plaintiff shall promptly notify the Court and seek appropriate relief.

Thus, the Court **ORDERS** Plaintiff to conduct a public sale via an online auction subject to the terms and conditions described *infra* Part III.

## III.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion and **ORDERS** as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-9262-DMG (JCx)** | Date | September 22, 2017 |
|---|---|---|---|

| Title | *United States of America v. One 2005 Lagoon 440 Sailing Catamaran Named The Bohemian Rhapsody* | Page | 7 of 8 |
|---|---|---|---|

1. The United States Marshals Service or its designees/contractors are hereby authorized to sell the Defendant One 2005 Lagoon 440 Sailing Catamaran Named The Bohemian Rhapsody (the "Defendant Vessel") by public sale as soon as practicable pursuant to the following terms and conditions:

   a. The United States Marshals Service or its designees/contractors shall conduct the sale of the Defendant Vessel by an online public auction on date(s) and time(s) the United States Marshal Service or its designees/contractors select in their sole discretion;

   b. The minimum auction price for the sale of the Defendant Vessel shall be the National Automobile Dealers Association ("NADA") suggested list price as of the date of sale.  Nevertheless, the United States Marshals Service or its designees/contractors may, in their sole discretion should they believe that circumstances so warrant, accept a lower offer, but the offer that the United States Marshals Service or its designee/contractor accepts must not be less than 66% of the NADA list price as of the date of the sale.  If Plaintiff United States of America ("the Government") is unable to comply with this condition of sale, then the Government shall promptly notify the Court and seek appropriate relief;

   c. Plaintiff United States of America ("the Government") is authorized to deduct from the sale of the Defendant Vessel the Government's costs and expenses in connection with the sale of the Defendant Vessel, including a commission paid to the United States Marshals Service's designee/contractor for the sale of the Defendant Vessel and reasonable and ordinary costs necessary to prepare the Defendant Vessel for auction; and

   d. The Government may, in its sole discretion, reject any offer to purchase the Defendant Vessel where it determines that the offer is being made by, on behalf of, or in conjunction with a person or entity involved in the criminal activity alleged in the Government's Complaint for Forfeiture as the basis for forfeiture.

2. The remaining proceeds (*i.e.*, the net proceeds) from the sale of the Defendant Vessel shall be substituted for the Defendant Vessel as the Defendant res in this civil forfeiture action and deposited into the United States Marshals Service's Seized Assets Deposit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-9262-DMG (JCx)** | Date | September 22, 2017 |
|---|---|---|---|

| Title | ***United States of America v. One 2005 Lagoon 440 Sailing Catamaran Named The Bohemian Rhapsody*** | Page | 8 of 8 |
|---|---|---|---|

Fund, which is an interest-bearing account, for further disposition in accordance with further orders issued by this Court. Upon delivery of the net proceeds from the sale to the Seized Assets Deposit Fund, the Government shall file a notice with the Court setting forth the amount that has been deposited as the substitute res.

3. Plaintiff shall file a status report as to the condition of the Defendant Vessel in the aftermath of the recent hurricane in the Virgin Islands.

**IT IS SO ORDERED.**